IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LACY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0450-K |
| | § | |
| NAVARRO COUNTY SHERIFF'S | § | |
| OFFICE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by David Lacy, an inmate in the Navarro County Jail, against the Navarro County Jail Medical Department, Captain Tommy Nichols, and a jail physician identified as "Dr. Shaw." On March 14, 2008, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on March 27, 2008. The court now determines that plaintiff should be allowed to prosecute his medical care claim against Dr. Shaw.

His claims against the other defendants should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II.

Plaintiff alleges that he has been denied medical care and prescription medication for paranoid schizophrenia during the eight months he has been incarcerated in the Navarro County Jail. Although the jail physician, Dr. Shaw, has treated plaintiff for depression, the doctor refuses to prescribe medication for schizophrenia, a condition plaintiff has suffered from since childhood. Instead, the doctor "laughs off" plaintiff's complaints and insists there is nothing wrong with him. (*See* Mag. J. Int. #5). Because plaintiff is not medicated, he has anxiety attacks, hears voices, and is considered by jail officials to be a danger to himself and others. (*See* Mag. J. Int. #4). In a related claim, plaintiff alleges that one of the jail supervisors, Captain Tommy Nichols, has not responded to multiple grievances requesting psychiatric treatment.

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Navarro County Jail Medical Department. Federal courts in this district have uniformly held that entities without a separate jural existence are not subject to suit. A jail medical department is not a separate legal entity having jural authority. *See, e.g. Gibson v. Dallas County Jail System*, No. 3-07-CV-0490-L, 2007 WL 1576264 at *2 (N.D. Tex. May 31, 2007) (Dallas County Jail Medical Department not a proper defendant with jural existence); *Morgan v. Dallas County Sheriff's Dept.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *1 (N.D. Tex. Jan. 11, 2005), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (same).

Nor has plaintiff stated a cognizable claim against Captain Nichols for failing to respond to his grievances. A prisoner has no federal constitutional right to have grievances investigated. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Mitchell v. Valdez*, No. 3-07-CV-0036-B, 2007 WL 1228061 at *2 n.1 (N.D. Tex. Apr. 25, 2007) (Kaplan, J.). Plaintiff's claims against these defendants should be summarily dismissed.

C.

The court reaches a different conclusion with respect to plaintiff's medical care claim against Dr. Shaw. In order to establish a constitutional violation, plaintiff must show that jail officials acted

with deliberate indifference to a serious medical need such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that jail officials were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Although Fifth Circuit authority is scant, other courts have held that the need for treatment of a mental illness can, under certain circumstances, constitute a serious medical need. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1194 (9th Cir. 2002), *cert. denied*, 123 S.Ct. 872 (2003); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Mahan v. Plymouth County House of Corrections*, 64 F.3d 14, 18 (1st Cir. 1995).

Here, plaintiff alleges that he has not received *any* medication or treatment for paranoid schizophrenia while incarcerated in the Navarro County Jail. According to plaintiff, Dr. Shaw is aware of plaintiff's condition and the fact that he was prescribed Haldol, Thorazine, and Seroquel by a TDCJ physician. Yet the doctor allegedly has "laughed off" plaintiff's complaints. While he is unmedicated, plaintiff has anxiety attacks, hears voices, and "see[s] things other people don't see." Jail officials consider plaintiff to be a danger to himself and others. These allegations, viewed in the light most favorable to plaintiff, are sufficient to state a medical care claim against Dr. Shaw. *See Mark v. Imberg*, No. 05-C-279-C, 2005 WL 1587797 at *9 (W.D. Wis. Jul. 6, 2005) (allowing prisoner to proceed with claim that jail psychologist was deliberately indifferent to serious medical need by failing to prescribe any medication for his mental illness).

## RECOMMENDATION

Plaintiff should be allowed to prosecute his medical care claim against Dr. Shaw. His claims against the Navarro County Jail Medical Department and Captain Tommy Nichols should be

dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 7, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE