IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DAVID LACY | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 3-08-CV-0450-K |
| | § |
| DR. GRADY SHAW | § |
| | § |
| Defendant. | § |

## MEMORANDUM ORDER

Defendant Grady Shaw, by and through his attorney, has filed a motion to set aside the clerk's entry of default in this prisoner civil rights action. As grounds for his motion, defendant contends that the entry of default is void because he was not properly served with the summons and complaint or, alternatively, that good cause exists for setting aside the default. Plaintiff opposes the motion, but offers no substantive reason for doing so.[1]

A district court may set aside an entry of default for "good cause." *See* FED. R. CIV. P. 55(c). To determine whether "good cause" exists for setting aside a default, the court should consider: (1) whether the default was willful; (2) whether setting aside the default will prejudice the plaintiff; and (3) whether a meritorious defense is presented. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). The court may also consider other factors, including whether "the defendant acted expeditiously to correct the default." *Id., quoting In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). A district court must set aside a default as void "if it determines that it lacked personal jurisdiction

---

[1] In his response, counsel for plaintiff states that he does not have permission from his client to consent to setting aside the entry of default.

over the defendant because of defective service of process." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001).

Without deciding whether defendant was properly served with process,[2] the court finds that "good cause" exists for setting aside the entry of default. The failure to timely file an answer was not willful because neither defendant nor his attorney were ever told that a copy of the summons and complaint had been delivered to the Navarro County Jail. When counsel learned that suit papers were received by someone at the jail, he was retained by the County to represent defendant and immediately filed an answer in the case. Nor is there any evidence that plaintiff will be prejudiced if the court sets aside the default. Finally, an independent medical consultant has determined that plaintiff received adequate psychiatric treatment while incarcerated in the Navarro County Jail, which gives defendant a meritorious defense to the claims made the basis of this suit.

### RECOMMENDATION

For these reasons, defendant's motion to set aside the clerk's entry of default [Doc. #29] is granted. The default entered on May 28, 2008 [Doc. #23] is hereby set aside so that this case may proceed on the merits.

SO ORDERED.

DATED: December 19, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Because defendant has filed an answer and does not challenge the sufficiency of service, other than for purposes of setting aside the entry of default, the court need not decide the issue of personal jurisdiction.